FILED 109
Honorable Richard J. DeCoster Representative, District 1 407A, Capitol Building Jefferson City, Missouri 65101
Dear Representative DeCoster:
This letter is in response to your question asking whether the Missouri State Council on the Arts is in violation of ArticleIII, Section 38(a) of the Missouri Constitution in entering into certain contracts with artists whereby the artists are to be paid from public funds for their services. You indicate that you are aware of our Opinion No. 155, dated October 8, 1976, to Sikes, in which this office held that the Council has authority to contract with artists for workshops, lectures, demonstrations, performances and art objects without violating Article III, Section 38(a). However, you state that you desire that we give you an opinion based on a review of various contracts made by the Council and the expenditure of funds made by the contracting artists pursuant to the contracts.
The facts that you have given us with respect to this request are not entirely clear. We are of the view, however, that it is unnecessary to go into a detailed investigation of the individual cases in order to clarify whatever misunderstanding there may be with respect to Opinion No. 155-1976.
That opinion, we believe, emphasizes that the Council has the authority to make contracts for certain services in the field of art. A contract, of course, by legal definition, must have as one of its essential elements mutuality of consideration. This means that the Council must receive a valuable consideration for the consideration that it provides under the contract. If the Council does not receive such consideration there is no lawful contract. A grant or gift on the other hand, such as to be within the prohibition of Section 38(a) of Article III of the Missouri Constitution, lacks the element of mutuality of consideration. We have indicated that the Council may enter into contracts which would serve a public purpose as provided in Section 185.050, RSMo. Payments made under such provisions can only be made on basis of contract and cannot be made as a grant or gift to the individual artist. Again, this means that the Council acting on behalf of the state in performing its duties must act pursuant to the legal authority granted to it and must see that the state receives a quid pro quo. In the absence of mutuality of consideration the contract is a nullity.
Clearly, there is some discretion in the Council as to the exercise of powers granted to it by law. Because the Council's authority is limited by the law of contract, we emphasize, the determining factor is what the Council receives on behalf of the public by the artist and not what the artist does with the consideration he receives under the contract.
We conclude that the Council has no authority to expend public moneys without consideration and that the authority it has, as noted in Opinion No. 155-1976, is to enter into contracts. The Council is required to receive adequate consideration from the other contracting party and is not authorized to make gifts or grants to private parties.
We are further of the view that individual consideration of such contracts is not the proper subject of an official opinion of this office under the provisions of Section 27.040, RSMo.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 155 10/8/76, Sikes